CLD-128                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3118
_____

CARMEN A. SEXTON,
                                        Appellant

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS, et al;
NEW JERSEY OF RISK MANAGEMENT, et al; DAVIN BORG;
STEVEN JOHNSON; MERVIN GANESH; LEILA LAWRENCE;
TAMARA RUDROW STEINBERG; MICHAEL PTAZSENSKI; MARIE MILLS
ROGERS; NJ RIV RISK MAN; NAQEEB ABIDI; CHERYL WARD;
CBIZ-PERLMAN BORDER INC.; CBIZ AGENT JOHN DOE;
CBIZ AGENT JANE DOE; MERCER COUNTY PROSECUTORS OFFICE;
DORIS M. GALUCHIE; ELIZABETH NEWTON; HAMILTON TOWNSHIP POLICE
DEPARTMENT, et al; VICTORIA L. KUHN; RICHARD DEFAZIO; DOUGLAS
BORDEN; JEFFREY PERLMAN, a/k/a Jeff Perlman; ANGELO J. ONOFRI;
JEFF PERLMAN; MICHAEL KENNA; ATTORNEY GENERAL NEW JERSEY;
STATE OF NEW JERSEY; TAMARA RUDROW; MANZER HUSSAIN;
CHRISTINA EMERY; RENEE ROBESON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:21-cv-20404)
District Judge:  Honorable Georgette Castner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 17, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: May 23, 2025)

_____

OPINION[*]

_____

PER CURIAM

Appellant Carmen A. Sexton appeals pro se from the District Court's judgment. For the following reasons, we will summarily affirm.

I

As we write primarily for the parties who are familiar with the case, we provide background information only as needed. Sexton's action arose out of three seemingly unrelated circumstances. First, in October 2016, while employed by the New Jersey Department of Corrections (NJDOC), Sexton responded to a suicidal inmate. That response led to an employment disciplinary investigation. Sexton alleged she was then unlawfully discriminated against through various employment actions taken against her.

Subsequently, in February 2019, Sexton was arrested and charged with unlawful possession of a firearm. She claimed her arrest, subsequent prosecution (she pled guilty) and placement in New Jersey's Pre-Trial Intervention Program were unlawful.

Finally, Sexton alleged that for a period of time starting in April 2019, she was improperly denied certain disability benefits and that she suffered harassment.

Sexton initiated this action in the United States District Court for the District of New Jersey on December 8, 2021. In Sexton's third amended complaint, she named

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

numerous Defendants[1] and alleged violations of her civil rights, the Americans with Disabilities Act (ADA), Title VII, and state law torts. Sexton sought monetary damages as well as injunctive relief. The District Court granted Defendants' motions to dismiss and dismissed the action with prejudice after determining that further amendment would be futile.

This appeal followed. On appeal, Sexton has filed numerous motions seeking, inter alia, a certificate of appealability[2], injunctive relief and permission to file an overlength brief.

## II

We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over a District Court's decision to grant a Rule 12(b)(6) motion to dismiss" for failure to state a claim. See Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016). To survive dismissal, "a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to

---

[1] The Defendants named were as follows: (1) NJDOC; NJDOC employees David Borg; Steven Johnson; Sean Abrams; Mervin Ganesh; Leila Lawrence; Victoria Kuhn; Marie Mills-Rogers; Tamara Rudrow Steinberg; Michael Ptaszenski; and Richard DeFazio (collectively the "NJDOC Defendants"); (2) Mercer County Prosecutor's Office; Prosecutors Angelo J. Onofri, Doris M. Galuchie, and Elizabeth Newton (collectively the "MCPO Defendants"); (3) New Jersey Treasury, New Jersey Attorney General; Deputy Attorney General Cheryl Ward; NJ Division of Risk Management and its employees Naqeeb Abidi and Manzer Hussain (collectively the "Treasury/AG Defendants"); (4) Hamilton Township Police Department (HTPD) and its employee Michael Kenna (collectively the "HTDP Defendants"); and (5) CBIZ Perlman Borden, Inc.; its employees Douglas Borden; Jeffrey Perlman; and John and Jane Doe (collectively the "CBIZ Defendants").

[2] The request for a COA is denied as unnecessary as this is not an appeal from the denial of a habeas corpus petition. See 28 U.S.C. § 2253(c)(1).

relief that is plausible on its face.'" Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm the District Court's decision if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III

A. NJDOC & CBIZ Defendants

The bulk of Sexton's claims related to employment actions taken against her by the NJDOC Defendants. Sexton also claimed the CBIZ Defendants violated her federal civil rights and state law due to civil harassment and intentional infliction of emotional distress (IIED). Her claims as to the CBIZ Defendants related to their work in investigating her disability benefit issues. They purportedly harassed and intimidated her from February 5, 2019 to November 3, 2019.

Sexton's civil rights claims were time-barred. The statutes of limitations for actions under 42 U.S.C. §§ 1983 and 1985 are taken from New Jersey's personal injury statute, N.J.S.A. § 2A:14-2, which is two years. See Dique v. New Jersey State Police, 603 F.3d 181, 185, 189 (3d Cir. 2010) (applying New Jersey's personal injury statute of limitations to Section 1983 and 1985 claims). Section 1986 has an even shorter statute of limitations of one year. See 42 U.S.C. § 1986. With respect to the allegations against the NJDOC Defendants, they took place at the latest in March 2019. With respect to the

4

CBIZ Defendants, they took place at the latest in November 2019. However, Sexton did not file suit until December 2021, more than two years later.[3]

To avoid dismissal of these claims as untimely, Sexton invoked equitable tolling, which is available only "under very limited circumstances." Barron v. Gersten, 277 A.3d 502, 504 (N.J. Sup. Ct. App. Div. 2022). The remedy may be appropriate "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum." Id. (alterations in original) (citation omitted). Ordinarily, to benefit from equitable tolling, a plaintiff must demonstrate diligence in the pursuit of a claim. See id. at 505.

The District Court considered whether Sexton's hospitalization warranted equitably tolling the statute of limitations. Sexton's hospitalization from February to March 2019 does not save her action from being time-barred. Assuming arguendo that the hospitalization might have qualified as "extraordinary circumstances," the District Court did not err on this point as Sexton waited more than two years after her release from the hospital in March 2019 to file her original federal complaint in December 2021.

---

[3] Sexton also invoked 42 U.S.C. § 1981. However, that section does not contain a private right of action against state actors. See McGovern v. City of Phila., 554 F.3d 114, 121 (3d Cir. 2009). Furthermore, on appeal, Sexton asserts that a six-year statute of limitations should apply to any state law sex discrimination claims under the New Jersey Law Against Discrimination. However, a two-year statute of limitations also applies under that state statute to her sex discrimination claims. See Montells v. Hayes, 637 A.2d 654, 659 (N.J. 1993).

Equitable tolling also does not rescue Sexton's Title VII claims.[4] Her complaint was due within 90 days of her receipt of her right to sue letters. See Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). The last of these letters was dated November 18, 2019, over seven months after she was released from the hospital.

Next, Sexton is not entitled to damages against the NJDOC Defendants under Title I of the ADA. The Eleventh Amendment bars damages against the state for any Title I ADA violation. See Garrett, 531 U.S. 356, 360 (2001). Sexton also could not seek such damages against the individual NJDOC Defendants. See Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 178 (3d Cir. 2002) (noting that "there appears to be no individual liability for damages under Title I of the ADA").

B. MCPO Defendants & HTPD Defendants

Sexton sued the MCPO and HTPD Defendants for malicious prosecution based on their involvement in her prosecution for unlawful possession of a firearm. The District Court properly dismissed Sexton's claims against the MCPO Defendants because they

---

[4] It is also worth noting that there is no liability against the individually named Defendants under Title VII. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996). Furthermore, Sexton's state law claims were also properly dismissed. The New Jersey Tort Claims Act (NJTCA) provides that claims for damages against public entities or public employees must be filed with a public entity no later than 90 days after the accrual of the cause of action. See N.J.S.A. § 59:8-8. The District Court noted Sexton's deficiency on this point in dismissing her second amended complaint without prejudice. Sexton did not allege in her operative pleading that she filed any notice of claim. Furthermore, for the reasons discussed above, equitable tolling does not save any such state law claims.

6

were entitled to prosecutorial immunity in bringing the firearm charge against Sexton. See Yarris v. Cty. of Del., 465 F.3d 129, 135 (3d Cir. 2006). The claim fails against all the relevant Defendants because, as the District Court explained, Sexton has not alleged that the prosecution was initiated without probable cause. See Allen v. New Jersey State Police, 974 F.3d 497, 502 (3d Cir. 2020).

Sexton also asserted a false arrest claim against the HTPD Defendants. It too was properly dismissed due to Sexton's failure to allege a lack of probable cause for her arrest. See James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012).

C. Treasury/AG Defendants

Sexton's claims as to the Treasury/AG Defendants related to the denial of certain disability benefits. For essentially the reasons discussed by the District Court, it properly determined that the Treasury/AG Defendants sued in their official capacities were immune from suit under the Eleventh Amendment. See, e.g., Maliandi v. Montclair State Univ., 845 F.3d 77, 83 (3d Cir. 2016). The District Court also correctly determined that the individually named Treasury/AG Defendants were entitled to qualified immunity. Qualified immunity protects government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Pearson v. Callahan, 555 U.S. 223, 231 (2009). We agree with the District Court that Sexton failed to allege facts demonstrating their actions violated a statutory or constitutional right and that that right was clearly established.

7

IV

Accordingly, we will affirm the judgment of the District Court. Sexton's outstanding motions are denied.